Pearson, J.
 

 We see no error in rejecting the declarations of Ingles. If made
 
 after his endorsement, they
 
 were clearly inadmissible. It does not appear by the case when they were made, and it was incumbent upon the defendants to show, that, they were made
 
 before
 
 the endorsement and to have that fact stated in the case, as a foundation for their exception.
 

 The instruction, that if the note was endorsed by Taylor
 
 bona -fide
 
 before the defendants were garnisheed, the proceedings under the attachment of Pitt would not bar the recovery, is entirely correct. Taylor had the same right to transfer the note by endorsement, provided it was not colorable and for his own benefit, as he had to
 
 *118
 
 transfer any article of property before a lien had attached to it by the
 
 teste
 
 of an execution or otherwise ; and, admitting that a garnishment creates a lien upon all debts due to the original debtor from the time notice is served, in this ease it had been transferred some days before and was no longer a debt due to Taylor.
 

 It was the folly of the defendants to admit an indebtedness to Taylor at May Court upon a negotiable note made one month before. The admission ought to have been qualified — they were only indebted to Taylor, provided the note had not been endorsed. It is true, they had no notice of the endorsement, but an endorsee is under no legal obligation to give notice to the maker, even when the endorsee and endorser are non-residents. The en-dorsee is not to anticipate that an attachment will issue.
 

 The defendants were guilty of still greater negligence in allowing a final judgment in November, which was after this action was commenced. An application should have been made to amend, by withdrawing the admission of indebtedness to Taylor, as soon as they were informed of the endorsement, and the amendment ought to have been allowed — truth required it, for as soon as the note was endorsed, the defendants ceased to be the debtors of Taylor, and became the debtors of the endorsee.
 

 It may be, that the defendants can be relieved against the judgment of Pitt, by a writ of error
 
 coram nobis,
 
 for error as to the fact of their indebtedness to Taylor, but this is a matter in which the plaintiffs have no concern? they are the owners of the note and have a right to collect it.
 

 Pun Curiam» Judgment affirmed,