This was an action of debt. The plaintiff declared, as the indorsee of a promissory bond, of which the following is a copy: "$160. I promise to pay Benjamin C. D. Eason or (565) order, at any time after ten days from this date, when presented, $160, value of him received. 24 April, 1848." Signed, "Wyatt Moye," and sealed. Indorsed, "I transfer the within note to F. Ormond for being value received, 29 May, 1848." It was admitted that the indorsement should, in fact, have been dated on 29 June, 1848. The defendant pleaded that there was no indorsement, and, specially, that he was summoned as garnishee by the Sheriff of Edgecombe County, on 1 May, 1848, to appear before the justices of the County Court of Edgecombe on the fourth Monday of May, 1848, in a suit of attachment at the instance of Joshua Speight against B. C. D. Eason, and that on the said fourth Monday of May he filed his answer in the said cause, and pleads the proceedings in the said suit by attachment, the judgment therein and his satisfaction of the same. The defendant produced a copy of the record in the attachment suit referred to in his plea, from which it appeared that the defendant stated in his garnishment that on 24 May, 1848, he executed his note to the said Eason for $160, payable ten days after date; that he knows nothing of the said note since it was executed; that the said Eason left his residence on the same day, as is reported and believed, and went out of the State, and has not since returned; that, knowing from the negotiable character of the said note, a good and unquestionable title to the same may be procured by indorsement, and that, if the same has been transferred before it became due, he may be compelled to pay the said note to the holder when presented, he prays the court for protection against such liability of double responsibility. It appeared further from the *Page 387 
said transcript that, upon this garnishment, judgment was subsequently rendered against Moye for the amount of the said note and interest; and it appeared by other evidence that the judgment had been satisfied.
The defendant contended, and prayed the court to instruct (566) the jury:
1. That if they believed the testimony, the plea of the defendant was sustained, and the plaintiff could not recover on the issue.
2. That the bond declared on was overdue and dishonored at the time of its transfer to the plaintiff on 29 June, 1848, and that it was subject, in the hands of the plaintiff, to all the defenses which would have been good against the payee; that the proceedings under the attachment of Speight operated to give to Speight a lien upon the sum owing by the defendant upon the bond, either from the time of the service of the summons on the defendant, on 1 May, 1848, or from the time of the defendant's answer as garnishee on the fourth Monday of May, 1848; that, after that period, Eason could not transfer the bond, so as to give his transferee any better title than he had himself; and that the proceedings under the attachment would have been a defense to a suit by Eason, and were a defense to the suit of the plaintiff.
3. That if any demand was necessary, after the expiration of ten days from the date of the bond declared on, in order that the bond remaining unpaid should be considered dishonored, the law would or the jury might infer a demand and refusal prior to the time of the indorsement, to wit, 29 June, 1848; and that the suing out of the attachment on 27 April, 1848, and the notice to the defendant, as garnishee, on 1 May, 1848, were equivalent in law to a demand and refusal.
4. That the transfer to the plaintiff was not an indorsement and did not give him a legal title, so as to enable him to sue, as indorsee, in his own name.
The court instructed the jury that there was no evidence of a demand on the bond declared on before 29 June, 1848, and that it was not overdue or dishonored, when transferred to the plaintiff on that day; that the transfer to the plaintiff was a valid indorsement, and gave him the legal title of (567) an indorsee; that, inasmuch as the bond was not due at the time of its indorsement, and the plaintiff was a bona fide
indorsee, the proceedings under the attachment created no lien, and, if they believed the testimony, the plaintiff was entitled to a verdict in his favor. *Page 388 
The jury found a verdict for the plaintiff, and from the judgment thereon the defendant appealed.
There is no error. The defendant upon his garnishment ought to have denied the fact of his indebtedness to Eason, unless it was first proved that Eason had not assigned the note before its maturity. It was his folly to submit to a judgment by which the amount of the note was condemned in his hands to the payment of the debt of the creditor in the attachment. This subject is fully explained in Myers v. Beeman, 31 N.C. 116, where one is summoned as garnishee who owes a note which is negotiable; if he chooses to stand upon his rights, no judgment can be taken against him, without proof that the absconding debtor still holds the note, or had not assigned it by indorsement before it was due; for, otherwise, it does not appear that he is indebted to the absconding debtor.
Assuming that, as against the payee Eason, the satisfaction of the judgment upon the garnishment is sufficient, without its being done on execution (which is required by the old cases), the plaintiff, in this case, asserts and is entitled to all the rights of an indorsee before maturity: if so, the note passed to him, subject only to indorsed payments.
(568) There is some difference in the books upon this question of a note payable on demand, whether it is due presently, and therefore cannot be assigned except as a note overdue, until demand is formally made; but it is conceded in all the cases that a note payable "at sight," or "when presented," is not due until it is presented, and so the note in question was transferred to the plaintiff before its maturity. In fact, the defendant, in his garnishment, alleges the fact that the note had never been presented for payment, and in his amended answer admits expressly that the indorsement was made before the note had been presented, and of course before it was dishonored.
PER CURIAM. Judgment affirmed.
Cited: Shuler v. Bryson, 65 N.C. 303; Davis v. Glenn, 72 N.C. 520;Rice v. Jones, 103 N.C. 233. *Page 389